UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

SUHEIL NAMMARI; INTERCON       )
ENGINEERING CORPORATION, an    )
Illinois Corporation,          )
                               )
            Plaintiffs         )
                               )
      v.                       )   Case No. 2:07 cv 306
                               )
TOWN OF WINFIELD; TOWN COUNCIL )
OF THE CITY OF WINFIELD; TOWN OF)
WINFIELD BUILDING COMMISSIONER; )
TOWN OF WINFIELD BUILDING       )
INSPECTOR; DLZ INDIANA, LLC;    )
WILLIAM TEACH, MARVIN PINKOWSKI,)
ANTHONY KENNING, THOMAS         )
RICHARDSON, Individually and in )
their official capacity,        )
                               )
            Defendants          )

OPINION AND ORDER

     This matter is before the court on the Motion to Compel
Discovery [DE 97] filed by the defendant, DLZ Indiana, LLC, on
August 12, 2009, as amended by Defendant DLZ's Supplemental
Amended Status Report Regarding Plaintiffs' Discovery Reponses
and Supplemental Memorandum in Support of Motion to Compel [DE
114] filed on January 7, 2010.  For the following reasons, the
motion is **GRANTED IN PART** and **DENIED IN PART.**

Background

     The plaintiffs, Suheil Nammari and Intercon Engineering
Corp., filed their complaint against the defendant, DLZ Indiana,
LLC, on September 7, 2007, alleging discrimination and violations
of their constitutional rights in regards to delays caused in
developing three subdivisions, Hidden Creek II, Double Tree

Estates, and Wyndbrook.  On November 4, 2008, DLZ served its
First Set of Interrogatories and Request for Production of
Documents on the plaintiffs.  On November 25, 2008, the parties
agreed to a 60 day extension for plaintiffs to respond.  This
subsequently was extended an additional 25 days until February
27, 2009.  The plaintiffs served responses on February 9, March
4, and April 24, 2009, but DLZ found them inadequate.  On May 14
and May 26, 2009, DLZ sent plaintiffs' counsel two meet and
confer letters citing the inadequacies it identified in the
plaintiffs' responses.  Plaintiffs responded on July 27, 2009,
when they produced a three-page memorandum from the Town's former
attorney.  The plaintiffs' delays were due in part to their
difficulty obtaining documents from their accountant and plain-
tiffs' counsel's maternity leave.

DLZ filed its motion to compel on August 12, 2009.  At a
September 25, 2009 status conference, the plaintiffs agreed to
provide additional discovery, and DLZ agreed to advise the court
at a later date whether its motion to compel had been resolved.
DLZ advised the court on October 14 and 16, 2009, that the
parties still were attempting to resolve their discovery issues.
The plaintiffs sent DLZ additional documents on October 8,
October 9, October 19, November 9, December 31, 2009, and January
4, 2010.  On January 7, 2010, DLZ renewed its motion to compel,
arguing that the plaintiffs' responses to Interrogatories 2, 5,
7, 8, 9, 10, 12, 13, 17, 19, 24, and 25 remained incomplete.

Additionally, DLZ asserts that it has not received the documents requested in Production Request No. 10.

## Discussion

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." Federal Rule of Civil Procedure 26(b)(1). For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.,* 206 F.R.D. 615, 619 (S.D. Ind. 2002) (*quoting* **Oppenheimer Fund, Inc. v. Sanders,** 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. **Borom v. Town of Merrillville,** 2009 WL 1617085 (N.D. Ind. 2009) (*citing* **Sanyo Laser Prods., Inc. v. Arista Records, Inc.,** 214 F.R.D. 496, 502 (S.D. Ind. 2003)). *See also* **Adams v. Target,** 2001 WL 987853, *1 (S.D.Ind.2001) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); **Shapo v. Engle,** 2001 WL 629303, *2 (N.D. Ill. May 25, 2001) ("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Federal Rule of Civil Procedure 37(a)(2)-(3). The burden "rests upon the objecting party to show why a particular discovery request is improper." *Gregg v. Local 305 IBEW,* 2009 WL 1325103, *8 (N.D. Ind. 2009) (*citing* *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); *McGrath v. Everest National Insurance Co.*, 2009 WL 1325405, *3 (N.D. Ind. 2009); *Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services*, 2009 WL 692224, *5 (N.D. Ind. 2009). The objecting party must show with specificity that the request is improper. *Cunningham v. Smithkline Beecham,* 255 F.R.D. 474, 478 (N.D. Ind. 2009) (*citing* *Graham v. Casey's General Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478 (*citing* *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, *6 (N.D. Ill. Aug.2, 2006)) (internal quotations and citations omitted). The court, in its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Berning v. UAW Local*

4

*2209*, 242 F.R.D. 510, 512 (N.D. Ind. 2007) (examining *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (internal quotations and citations omitted)).

Because of the parties' resolution of some of the discovery issues, DLZ's Motion to Compel Discovery asks the court to compel the plaintiffs to supplement their responses to Interrogatory Nos. 2, 5, 7, 8, 9, 10, 12, 13, 17, 19, 24, and 25 and to produce the documents requested in Request for Production No. 10.

First, DLZ's Interrogatory No. 2 asked the plaintiffs to state which, if any, phases of Double Tree development were delayed as a result of DLZ's alleged wrongful acts. DLZ argues that the plaintiffs did not specifically identify which phase was delayed and instead provided an ambiguous answer. However, subsection (i) of the plaintiffs' response identified Phase VI as the phase plaintiffs are alleging that DLZ caused a delay. Therefore, the plaintiffs already identified the phase, and DLZ's motion is denied on this issue.

Next, Interrogatory No. 5 requested the plaintiffs to identify what ownership interest, if any, either of them held in the three different development projects and the dates on which they held those interests. DLZ complains that the plaintiffs discussed various options, but did not state whether those options ever were exercised, what the ownership interest was, the date on which the interest was obtained, or the date on which it was relinquished. The plaintiffs responded that they had no ownership interest in Wyndbrook and a four percent interest in Double

Tree, established in 2000. Therefore, Hidden Creek is the only development at issue.

In their Response to Interrogatory No. 5, the plaintiffs stated that their interest in Double Tree was for $1,000 per lot, or when the project was approved the plaintiffs could choose to take a ten percent ownership interest. As of January 18, 2010, the date DLZ advised the court to move forward with its motion to compel because the parties could not come to an agreement, Hidden Creek was not approved. Since the plaintiffs' option could not be exercised until Hidden Creek was approved, and Hidden Creek was not approved, it is clear from the plaintiffs' response that the option was not exercised and the plaintiffs' present interest is for $1000 per lot. Furthermore, the plaintiffs' response consistently referred to both of the plaintiffs. Therefore, the court agrees that the plaintiffs identified their interest in Double Tree, and DLZ's motion is denied on this issue.

Interrogatory No. 7 asked the plaintiffs to itemize and compute the damages they are seeking to recover. DLZ asserts that the plaintiffs' response was ambiguous, inconsistent, and repeatedly supplemented. However, DLZ has not pointed to any inconsistencies. The plaintiffs' Response to Interrogatory 7 listed the computation for damages. This was supplemented by an expert report that clearly itemized the damages. The court does not find any inconsistencies in these documents. Rather, the plaintiffs provided a clear accounting of the damages they seek to recover, and DLZ's motion is denied.

Interrogatory No. 8 asked the plaintiffs to identify which of the 24 items on the Construction Cost Estimate the plaintiffs disagreed with. DLZ contends that the documents the plaintiffs referred to in their response were not clear about which items they disagreed with. The plaintiffs referred to the cost break-downs for Prairie Crossing and Hidden Creek, stating that Hidden Creek's costs were much lower than Prairie Crossing. The plain-tiffs argue that this sufficiently answered the question because they were referring to the inconsistencies between the cost breakdowns for the two developments as the estimates in which they disagree.

DLZ's interrogatory asked which of the specific items on the list the plaintiffs disputed. The plaintiffs cannot simply refer to the two cost breakdowns and state that there are differences. The plaintiffs have not made it clear whether they disagree with all of the itemizations or only ones in which there are signifi-cant differences. Accordingly, the plaintiffs' response is incomplete, and they must respond with which of the 24 itemized costs they disagree. Therefore, the motion to compel is granted as to this interrogatory.

Next, Interrogatory No. 9 asked the plaintiffs to identify the storm drainage method they believe the Town of Winfield ordinance required it to apply to Hidden Creek II at the time DLZ made its Hidden Creek II performance bond recommendation. Inter-rogatory No. 10 asked the plaintiffs to identify facts that they feel support their contention that the TR 55 drainage method

7

should not apply and to state the method they believe should be applied. The plaintiffs responded that they believed the rational method should have been applied. The plaintiffs attached a memorandum from the town attorney providing an explanation for their belief that the rational method should have been used since the plot already had been approved prior to the Town adopting the TR 55 drainage method. Therefore, the plaintiffs identified their belief and provided support for their position, as the interrogatory asked. The plaintiffs' response was complete, and DLZ's motion accordingly is denied on this issue.

Interrogatory No. 12 asked the plaintiffs to identify each remark by DLZ and the date it occurred that the plaintiffs rely on in support of their position that DLZ had personal animosity and discriminatory intent towards the plaintiffs. DLZ contends that the plaintiffs' response is evasive because they point to a videotape and email, but do not specify which statements in these responses support their claim.

Federal Rule of Civil Procedure 33(d) allows a party to refer to documents to answer an interrogatory where the interrogating party can identify the answer as readily as the responding party. With the submission of the Winfield Town Council meeting videotape, the plaintiffs did not specify which statements they found defamatory. Viewing the tape does not readily identify which statements the plaintiffs believe are defamatory. Therefore, the plaintiffs' response is incomplete, and the plaintiffs

must identify which statements in the tape they believe are defamatory and display a discriminatory intent.

Additionally, the plaintiffs aver that they provided numerous other documents indicating that DLZ stated that the plaintiffs' work was below standard or incomplete. However, the plaintiffs have not indicated which documents these are or which statements contained in these documents are defamatory or derogatory. Therefore, the plaintiffs' response is indefinite and incomplete because it is not clear to which documents or to which statements they are referring, and DLZs motion is granted on this issue.

DLZ next contests the plaintiffs' response to Interrogatory Nos. 13 and 17 as being inconsistent with one another. The plaintiffs' response to Interrogatory No. 13 provides that the drainage problems were fabricated. However, their response to No. 17 says that Hidden Creek I experienced flooding due to an upstream subdivision. DLZ argues that the drainage problems cannot be fabricated if Hidden Creek previously experienced flooding, and requests for the plaintiffs to be compelled to provide a consistent response.

Although the plaintiffs' response to Interrogatory No. 17 states that Hidden Creek I experienced flooding, it further provides that the flooding was due to another subdivision and partial blockage of a culvert. The plaintiffs' response supports their position that the flooding was not caused by drainage problems with Hidden Creek I, but was the result of the upstream

subdivision and blocked culvert.  Therefore, the plaintiffs'
response that the drainage problems in Hidden Creek were fabri-
cated is not inconsistent with their response to Interrogatory
No. 17 because the plaintiffs do not relate the flooding to
problems with Hidden Creek's drainage.  Since there is no incon-
sistency, DLZ's motion is denied on this issue.

DLZ next argues that the plaintiffs' response to Interroga-
tory No. 19 is non-responsive.  Interrogatory No. 19 asked the
plaintiffs to identify any facts that disprove that Prairie
Crossing's storm water drainage facilities ultimately complied
with TR 55.  In response, the plaintiffs pointed to the memoran-
dum and disposition of Jim Brown.  DLZ replied that the plain-
tiffs' response would be complete if they provided in a formal
interrogatory response that the information in the memorandum and
deposition of Jim Brown were the only evidence they had to
support their position.  Since DLZ agrees that the information
contained in the memorandum and disposition completely answer the
response and Rule 33 permits parties to refer to documents, DLZ's
motion is denied.  In addition, DLZ's interrogatory asked for all
information the plaintiffs were aware of, and these were the only
documents the plaintiffs referred to.  Therefore, this was all of
the information the plaintiffs had in their possession, and the
plaintiffs are not compelled to state this.

DLZ also argues that the plaintiffs' response to Interroga-
tory No. 24 is non-responsive.  Interrogatory No. 24 asked the
plaintiffs to identify the dates, locations, and causes of every

instance of storm water overrunning the then existing drainage facilities in Hidden Creek I and II and Double Tree.  The plaintiffs responded to Interrogatory No. 24 stating that they were aware there was flooding but did not know when or where it occurred.  Upon briefing this point for the motion to compel, DLZ cites the town council meeting minutes and a newspaper article that discuss the flooding, arguing that the plaintiffs generally were aware of when and where the flooding occurred and that their response is incomplete.  The court agrees with DLZ that plaintiffs must answer this interrogatory as completely as possible. Although they do not have to give specific dates if they lack knowledge, DLZ's interrogatory only asks for the plaintiffs to respond as specifically as possible.  Because the plaintiffs have some knowledge of the flooding, as evidenced by the meeting minutes and newspaper article they produced, and they failed to identify when the flooding occurred, their response is incomplete and must be answered to the best of their knowledge.

Interrogatory No. 25 asked for the plaintiffs' opinion on whether the town was entitled to defer approving a performance bond for Hidden Creek II until it was determined what, if any, infrastructure or public improvements needed to be installed in Hidden Creek II to address the drainage problems.  The plaintiffs responded that the Town was required to conform with the final plat approval of December 2003 and could not delay or discriminate against the plaintiffs by intentionally delaying the project.  DLZ contends that this is non-responsive.  However, the

plaintiffs' response answered the interrogatory because the plaintiffs provided their opinion that the approval could not be delayed, citing the final approval of the plat as the reason. Because the interrogatory only asked for the plaintiffs' opinion, which the plaintiffs provided, the response is complete, and DLZ's motion is denied.

DLZ also argues that the plaintiffs failed to comply with its requests for production of documents. Because the plaintiffs supplemented the information they provided after DLZ filed its motion to compel, the only documents that remain at issue are Suheil Nammari's 2000 income tax return and Intercon's 2001 federal tax return. The plaintiffs' counsel conceded that they did not initially produce Nammari's personal tax returns, and had DLZ's counsel contacted them sooner, they may have been able to correct the error quickly. However, the plaintiffs have not provided a basis for the continued failure to produce Nammari's 2000 tax return or Intercon's 2001 federal tax return, and must do so. Therefore, DLZ's motion is granted on this issue.

————————————————

For the foregoing reasons, the Motion to Compel Discovery [DE 97] filed by the defendant, DLZ Indiana, LLC, on August 12, 2009, as amended by Defendant DLZ's Supplemental Amended Status Report Regarding Plaintiffs' Discovery Reponses and Supplemental Memorandum in Support of Motion to Compel [DE 114] filed on January 7, 2010, is **GRANTED IN PART** and **DENIED IN PART.** The court **GRANTS IN PART** as it relates to Interrogatory Nos. 8, 12,

and 24 and Request for Production No. 10, and **DENIES IN PART** as it relates to Interrogatory Nos. 2, 5, 7, 9, 13, 17, and 25.

ENTERED this 29th day of March, 2010.


                              s/ ANDREW P. RODOVICH
                                 United States Magistrate Judge